Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6133 | **DATE** | 3/26/2002 |
| **CASE TITLE** | Mohr vs. Chicago School Reform Board, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for attorneys' fees (161-1) is granted in part and denied in part. Plaintiff is awarded $428,037.50 in attorneys's fees and $12,075.95 for costs. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 27 2002 | |
| | Notified counsel by telephone. | | date docketed | 187 |
| | Docketing to mail notices. | | CDY | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/26/2002 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA H. MOHR,<br><br>        Plaintiff,<br><br>v.<br><br>CHICAGO SCHOOL REFORM BOARD OF TRUSTEES of the BOARD OF EDUCATION of the CITY OF CHICAGO, a body politic and corporate, ALFRED CLARK, LYNN ST. JAMES and MARIE D. JERNIGAN,<br><br>        Defendants. | No. 97 C 6133    **DOCKETED**<br>**MAR 2 7 2002** |

## MEMORANDUM OPINION AND ORDER

Linda Mohr won a race discrimination lawsuit against the Chicago Board of Education (the "Board"), Alfred Clark, and Marie Jernigan; Lynn St. James was exonerated. Clark and Jernigan were found liable and assessed punitive damages. The Board also was found liable, and I granted a permanent injunction against race discrimination or retaliation against Mohr by the Board. 155 F. Supp. 2d 923, 932 (N.D. Ill. 2001). The matter of attorneys' fees now comes before me. As the prevailing party in a civil rights case, Mohr is entitled to reasonable attorneys' fees as part of costs under 42 U.S.C. § 1988(b). She asks for $556,850.95. The defendants offer various objections, asking me to reduce her attorneys' fees to $124,200, plus agreed costs of $12,075. Mohr

asks me to treat the defendants' objections as waived because, she says, the defendants defied my order of May 4, 2001, requiring production of various materials by a specific date. I decline to do this here, but the Board is warned that if it engages in similar conduct again, I will consider such a sanction. Undoubtedly the Board's actions contributed to more time required by Mohr to prepare this fee petition and respond to the Board's objections. It also appears to be typical of much of the Board's response in this case, which explains in part the amount of time Mohr's counsel spent on the case. I grant Mohr's motion for fees in part and deny it in part.

The first issue is whether Edward Theobald's billing rate of $350 an hour was reasonable. The reasonable hourly rate (or "market rate") is "the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999). While an attorney's self-serving affidavit alone cannot establish the market rate for his services, such affidavits in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiff's burden. *Id.* The defendants say Mr. Theobald should be paid no more than $225 an hour. They say that he is really a criminal lawyer and not an employment discrimination lawyer; but this is untrue, as they admit in another context, when they wish to

argue that he should have been able to work faster; in fact, Mr. Theobald has shown that he has extensive employment discrimination experience. The defendants also offer some cases from no more recently than a dozen years ago about lower rates that were authorized for Mr. Theobald's fees. Attorneys' compensation has increased in the interim, and Mr. Theobald is at least 12 years more experienced than he was then. Almost certainly, the Board's attorneys are being paid more than they were twelve years ago.

However, Mr. Theobald admits that he billed Ms. Mohr $275 an hour since 1995, *see* Def. Ex. 1, p. 2, and "[t]he attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). A presumption can be rebutted, but Mr. Theobald offers no reason why he should be paid more than that, so his compensation is set at that rate.

The defendants object to Mohr's request for 1,556.5 billable hours. Most of the specific objections to particular billing charges are so without merit as not to require detailed discussion, but I will illustrate with a few examples.

(1) The defendants object that Mr. Theobald should have been able to draft the complaint in 19 hours instead of what it says was the 51 hours he spent, particularly because the research and writing was the same as that with Mohr's EEOC complaint. However, Mr. Theobald says that he spent 45.5 hours doing further

investigation, research and preparation of the complaint, and further investigation is a good idea in view of Fed. R. Civ. P. 11. A full week of work is not excessive. I do not see the basis for reducing his time by half.

(2) The defendants assert that an attorney of Mr. Theobald's level of experience could have drafted a response to their motion to dismiss in 10.75 hours - one long day - instead of the 37.75 hours billed. I have reviewed the memorandum filed in response to the defendants' motion to dismiss, and conclude that the amount of time claimed is reasonable.

(3) The defendants say that Mr. Theobald spent too much time drafting discovery requests and Rule 26 disclosures, which they want to reduce by about three quarters and 60% respectively, when a lawyer of his experience ought to have hundreds of templates for this purpose that he could cut and paste. Recyling usable material prepared for other clients and cases is only efficient if the material is in fact appropriate and reusable. The defendants offer no basis other than sheer supposition that there would be savings of time of the magnitude they suggest.

I have reviewed the other objections to specific billing times and found them to be no more credible than these. In general, the losing counsel's testimony that he could have done the winning counsel's work in less time, while relevant, is not worth much standing by itself. If the winning counsel had taken less time, he

might not be a position to ask for attorneys' fees as the prevailing party's representative. That does not mean that just any billings by the prevailing party's counsel are ipso facto reasonable, but it does mean that more is required to overcome the inference which is created by the winning counsel's victory that the work billed was reasonable and necessary.

The defendants argue that Mohr is not entitled to any of the 266.5 hours billed after December 6, 2000, when the defendants offered to settle the case for $300,000. They cite *Moriarty v. Svec*, 233 F.3d 955 (7th Cir. 2000):

> Substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply. Attorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation. . . . [A]n offer is substantial if, as in this case, the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party. In such circumstances, a district court should reflect on whether to award only a percentage (including zero percent) of the attorney's fees that were incurred after the date of the settlement offer.

*Id.* at 967. The defendants say that Mohr won only $135,000. Of course the offer included fees and costs, so (they say) the question is whether Mohr had roughly $165,000 in reasonable attorney's fees by December 6, 2000. The defendants say that the 552 hours that they claim her counsel reasonably billed on or before that date, calculated at the rate of $275 an hour, comes to only $151,800, which (plus the recovery) is $13,200 less than the

total amount of the December settlement offer. However, I have rejected defendants' arguments to reduce counsel's hours and Mohr's counsel's claimed hours are 1,035.5 x $275, or $284,762.50, as of the December date. That plus $135,000 equals $419,762.50, which is substantially more than defendants' settlement offers. *Moriarity* is therefore inapplicable. I have also granted Mohr's request for an injunction, something she would not have gotten in the settlement, and an aspect of relief that was not at issue in *Moriarty*.[1]

Mohr's motion for attorneys' fees is GRANTED in part and DENIED in part. I allow Mr. Theobald to bill 1,556.50 hours at the rate of $275 an hour, for a total fee award of $428,037.50. I also award agreed costs of $12,075.95.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 26, 2002

---

[1] The Board "notes" in one sentence of its response (p. 5) that Mohr withdrew certain claims and did not prevail against one defendant, Lynn St. James. The argument is not developed, nor does the Board make any attempt to identify any hours that were unnecessary. St. James would have been a witness anyway. The withdrawn claims involved the same facts as those on which Mohr prevailed. The Board, by failing to make any substantive argument beyond its "note" has waived any claim that fees should be reduced for the Constitutional claims and those against St. James.

-6-